# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

LATISHA L. JOHNSON,                )
                                    )
                Plaintiff,        )     Civil Action No. 3:04-2481-CMC-BM
                                    )
v.                                 )
                                    )
TIME WARNER                        )     **REPORT AND RECOMMENDATION**
COMMUNICATION, SOUTH              )
CAROLINA DIVISION,                )
                                    )
               Defendants.        )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq.. Plaintiff is a former employee of the Defendant.[1]

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 17, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 18, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case. However, notwithstanding the specific instructions and warning as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the motion for summary

---

[1]The Defendant is listed in the caption of this action as being "Time Warner Communication, South Carolina Division". Defendant advises the Court, however, that its correct name is "Time Warner Entertainment-Advance/Newhouse Partnership, d/b/a Time Warner Cable."

1



judgment, [2] which is now before the Court for disposition.[3]

### Background and Evidence[4]

Plaintiff alleges in her verified Complaint[5] that on August 6, 2003 she admitted herself to Palmetto Hospital's mental department (Richland Springs), and that while in the evaluation stage of admittance she attempted to contact the Defendant's workforce representative, Michael Rodriguez. Plaintiff alleges that she was unable to reach Rodriguez, but did leave a message on his voicemail. Plaintiff alleges that she also attempted to contact Rodriguez again, and that on this attempt "a female answered the line." Plaintiff alleges that she informed this individual of the reason for her absence, and that "the representative" advised her that she would need an excuse upon her return to work.   Plaintiff alleges that on August 7, 2003, she contacted Rodriguez to inform him that she was admitted to the hospital and was under a doctor's care, and that she was not certain how long she would be there because she had not yet been seen by Dr. Bill Walkup [apparently her physician]. Plaintiff alleges that when she asked Rodriguez what documentation

---

[2]In fact, the file reflects that the Court has not received any communication from the Plaintiff since she provided answers to the Court's special interrogatories on September 23, 2004.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[5]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



would be needed from the doctor, he informed her that "an excuse from the hospital upon her return was necessary."

Plaintiff alleges that on August 8, 2003 she contacted Rodriguez again and informed him that Dr. Walkup did not have a release date for her. Plaintiff alleges that Rodriguez informed her that nothing was needed from the doctor at that time. Plaintiff contacted Rodriguez again on August 14, 2003, at which time Rodriguez directed her to the Defendant's Human Resource representative, Christine Degood. Plaintiff alleges that she was unable to reach Degood, but left a message on Degood's voicemail requesting that she contact Libby Ross, a Richland Springs therapist. Plaintiff alleges that Degood contacted Ross and informed her that a registered letter for "job abandonment" had been sent to Plaintiff's home on August 12, 2003, and that a response needed to be received from the Plaintiff by 5:00 p.m. on Monday, August 18, 2003.

Plaintiff alleges that when she had not received this letter by August 15, 2003, she requested that Ross contact Degood to inquire as to "the necessary response to the letter." Plaintiff alleges that Degood informed Ross that a letter from Plaintiff's doctor and "herself was necessary to update and inform Human Resource of the reason for absence. Requested letters were faxed to Ms. Degood's attention." Plaintiff alleges that on August 21, 2003, Degood typed a letter ending Plaintiff's employment effective August 8, 2003 for job abandonment.

Plaintiff alleges that the Defendant discriminated against her in violation of the ADA by terminating her employment while she was in a medical facility for psychological treatment, and by failing to accommodate her mental disability, and that the Defendant's actions prevented her from obtaining benefits under the Defendant's short term disability (STD) benefit program. <u>See generally</u>, <u>Verified Complaint</u>.



3

In support of summary judgment in the case, the Defendant has submitted numerous exhibits, including several affidavits. Defendant's evidence shows that Plaintiff applied for the position of Customer Sales and Service Representative 1 (CSSR1) on May 12, 2003, and began her employment with the Defendant on May 23, 2003. See Exhibit C to Tapp Affidavit. The CSSR position entails answering phone calls from current and potential customers regarding the Defendant's services. See Exhibit A to Tapp Affidavit. Kimberly Tapp, the head of the "People Department" (the Defendant's Human Resources Department) attests that CSSRs work standard shifts, with the Defendant maintaining the availability of CSSRs from 8:00 a.m. to 7:00 p.m., six (6) days a week. Tapp Affidavit, ¶¶ 4-5. Tapp further attests that attendance was important, because CSSR staff levels were designed to be sufficient for the anticipated level of customer demand. Tapp Affidavit, ¶¶ 5-6. The Defendant has also provided an affidavit from Michael Rodriguez, who attests that the Defendant was required to comply with strict FCC requirements of answering 90% of calls within 30 seconds. Rodriguez Affidavit, ¶ 7.

When Plaintiff began her employment on May 23, 2003, she entered into the Defendant's standard ninety (90) day probationary period. Tapp Affidavit, ¶ 8. The evidence reflects that on June 4, 2003, Plaintiff reported to work one hour and thirty minutes late, at which time she received counseling from her supervisor. See Exhibit D to Tapp Affidavit. On June 24, 2003, Plaintiff reported to work five minutes late, and on July 7 and July 9, 2003, Plaintiff was absent from work completely. Tapp Affidavit, ¶¶ 11-12. On July 26, 2003, Plaintiff was absent from work without notification to her supervisor, resulting in Plaintiff being issued a written warning. See Exhibit E to Tapp Affidavit. This warning noted that if Plaintiff reached thirty-two (32) hours of absences during her probationary period, her employment would be immediately



4

terminated.[6]  By that point, Plaintiff had already reached 25.5 hours of unexcused absences.  See Exhibit E to Tapp Affidavit.

On August 6, 2003 Plaintiff again failed to come to work.  Plaintiff telephoned Rodriguez, and advised him that she was going to the hospital to see her doctor.  Plaintiff indicated that she would call Rodriguez again on Friday, August 8, 2003, but when nothing had been heard from the Plaintiff by August 12, 2003, a job abandonment letter was sent asking Plaintiff to supply the reason for her most recent absences.  Tapp Affidavit, ¶¶ 14-16; see also Exhibit G to Tapp Affidavit.  On August 14, 2003, Christine Degood with the Defendant's personnel department spoke with Libby Ross, who advised that Plaintiff was being treated at Richland Springs.  Tapp Affidavit, ¶ 18.  Subsequently, the Defendant received a fax from Ross on August 19, 2003 stating that Plaintiff had been under the care of Dr. Bill Walkup since August 7, 2003, and that her date of discharge was unknown.  A written response from the Plaintiff was also attached to this fax.  See Exhibit I to Tapp Affidavit.  On August 20, 2003, Degood sent Plaintiff a letter stating that the Defendant had reviewed her written response to the job abandonment letter, but had decided to terminate her employment based on her attendance issues.  Tapp Affidavit, ¶ 20.  Tapp attests that the Defendant routinely discharges employees who have exceeded the maximum allowable absences or tardies during the ninety (90) day probationary period.  Tapp Affidavit, ¶ 21.

Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission (SCHAC)[7] on November 13, 2003, and was issued a right to sue letter on April 9, 2004.

---

[6]Plaintiff's ninety (90) day probationary period was set to expire August 21, 2003.

[7]As South Carolina is a deferral state, Plaintiff could file her administrative claim with SCHAC, instead of with the Equal Employment Opportunity Commission (EEOC).  Nelson v. Lockheed Missiles and Space Co., No. 97-1430, 1997 WL 727609 at **1 n. 1 (4th Cir. November



Plaintiff then filed this action, pro se, on September 28, 2004.   A scheduling order was entered on November 2, 2004, providing for discovery to be completed by no later than March 2, 2005, with any dispositive motions to be filed on or before March 17, 2005.  Defendant represents to the Court that, in response to interrogatories submitted by the Defendant, Plaintiff provided unsigned responses by letter dated December 1, 2005.  Defendant represents that the Defendant wrote to the Plaintiff on December 17, 2005, asking her to forward signed copies of these responses, but that no responses were ever received.  Defendant further represents to the Court that it noticed Plaintiff for a deposition by letter dated February 8, 2005, and that counsel for the Defendant also notified Plaintiff of the deposition by phone on that same date, but that Plaintiff failed to attend her deposition.  See Defendant's Exhibit N and O.  Defense counsel further represents to the Court that the Defendant has had no further communication with the Plaintiff.  As previously noted, Plaintiff also failed to file any response to the Defendant's motion for summary judgment.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for

---

24, 1997); E.E.O.C. v. Hansa Products, Inc., 844 F.2d 191, 192 n. 1 (4th Cir. 1988) (quoting 42 U.S.C. § 2000e-5(e)) ["A deferral state is one 'which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice.'"]; see S.C.Code Ann. § 1-13-90, et. seq., as amended.



trial." Rule 56(e), Fed.R.Civ.P.     Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence submitted to this Court, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

In order to assert a claim under the ADA,  Plaintiff must present evidence to show that 1) she is a qualified person with a disability under the ADA, and 2) that the defendant is subject to suit under that statute.[8] 42 U.S.C. § 12112(a); see Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 467 (4th Cir. 2002), cert. denied, 123 S.Ct. 122 (2002); Tyndall v. National Education Centers, 31 F.3d 209, 212-213 (4th Cir. 1994); Hooven-Lewis v. Caldera, 249 F.3d 259, 268 (4th Cir. 2001) [same standards apply to ADA and Rehabilitation Act].[9]  With regard to whether Plaintiff is a qualified person with a disability so as to establish a violation of the ADA by the Defendant, three criteria must be met: first, the Plaintiff must have a "disability"; second, the Plaintiff must have been

_____

[8]Defendant does not contest that it is subject to suit under the ADA.

[9]While some cited cases deal with the Rehabilitation Act rather than the ADA, the standards are the same.  Smaw v. Commonwealth of Virginia Department of State Police, 862 F.Supp. 1469, 1474 (E.D.Va. 1994) ["By design, the ADA standards mirror those of the Rehabilitation Act in this case....The emergence of the ADA does not create a new avenue for claims in the area of disability discrimination; rather, the ADA incorporates the existing language and standards of the Rehabilitation Act  in this area."]; Hooven-Lewis v. Caldera, 249 F.3d at 268.



"qualified" for the job in question; and third, the Plaintiff's adverse employment action must constitute unlawful "discrimination" based on her disability.  <u>E.E.O.C. v. Stowe-Pharr Mills, Inc.</u>, 216 F.3d 373, 377 (4th Cir. 2000); <u>Baird ex rel. Baird v. Rose</u>, 192 F.3d 462, 467 (4th Cir. 1999); <u>Tyndall</u>, 31 F.3d at 212. Defendant argues in its motion that it is entitled to summary judgment because Plaintiff has failed to present evidence sufficient  to create a genuine issue of material fact as to any of these three criteria.

Specifically with regard to whether Plaintiff has a "disability" under the ADA, Defendant argues that Plaintiff has provided little information about her condition or its impact on her ability to perform major life activities or her past employment. The term "disability" is defined as a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual, b) a record of such impairment, or c) being regarded as having such an impairment. 42 U.S.C. § 12102(2); <u>Pollard</u>, 281 F.3d at 467. A "major life activity" is defined as a basic activity that an average person can perform with little or no difficulty, such as walking, hearing, speaking, learning, breathing, standing, lifting, seeing and working.  Appendix to 29 C.F.R. § 1630.2(i); <u>see</u> <u>Bruncko v. Mercy Hosp.</u>, 260 F.3d 939, 941 (8th Cir. 2001); <u>Dutcher v. Ingalls Shipbuilding</u>, 53 F.3d 723-727, n. 7 (5th Cir. 1995);  <u>Gupton v. Virginia</u>, 14 F.3d 203, 205 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 810 (1994) ( Rehabilitation Act). The major life activity involved in this case appears to be the major life activity of working, although Plaintiff identified several life activities in her unsigned interrogatory responses which she claimed were affected by her condition, including "concentrating, thinking, interacting with others, sleeping and lack of energy." <u>Defendant's Exhibit M</u>, ¶ 8; <u>see</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) and <u>Cruz v. Beto</u>, <u>supra</u> [a federal district court should liberally construe a complaint filed by a <u>pro</u> <u>se</u> litigant to allow the development of a

8



potentially meritorious case]. Therefore, the issue before this Court is whether Plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether she has an impairment which substantially limits a major life activity, whether there is any record of such a substantially limiting impairment, or whether the Defendant regarded her as having such an impairment. A review of the material filed with this Court shows that Plaintiff has failed to meet this burden.

As previously noted, Plaintiff failed to attend her deposition and submitted only unsigned responses to interrogatories . See Defendant's Exhibit M. Plaintiff has also submitted no medical evidence in this case,[10] no information concerning medication she may be on, and no information concerning exactly what her illness is (as determined by competent medical personnel), how this illness affected her ability to perform her job (if at all), or the length or duration of this illness.  The only information provided by the Plaintiff in this case is the statement in her verified Complaint that she has a "mental disability", and that the Defendant failed to accommodate her and unlawfully terminated her while she was in psychological treatment for this mental disability. Plaintiff's general and conclusory statement that she suffers from a "mental disability", without any supporting evidence as to the nature or extent of this condition, is not in and of itself sufficient to establish that she has a "disability" for purposes of an ADA claim.  While the Court is required to consider factual allegations contained in pro se verified Complaints as true for purposes of summary judgment; Williams v. Griffin, supra;  the Court is not required to assume as true conclusory allegations unsupported by any specific facts or evidence.  see Papasan v. Allain, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.];

---

[10]The only statement from a physician contained in the record (submitted by the Defendant) is the general statement from Dr. Walkup dated August 15, 2003, stating that Plaintiff had been under his care since August 7, 2003.  Tapp Affidavit, Exhibit I.



Bender v. Suburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see also Stuart v. Danka Corp., 986 F.Supp. 741, 744 (E.D.N.Y. 1997) [for impairment to rise to the level of a disability under the ADA, it must substantially limit one or more of plaintiff's major life activities]; Williams v. Channel Master, 101 F.3d 346 (4th Cir. 1995) [not every impairment is a disability, because not every impairment substantially limits a major life activity], cert. denied, 520 U.S. 1240 (1997); Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271-272 (9th Cir. 1996) [summary judgment upheld where plaintiff failed to produce evidence she in fact had a disability]; Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 468-469 (4th Cir. 2002) [temporary impairments usually do not fall within the ADA's definition of disability]; cf. Roush v. Weastec, Inc., 96 F.3d 840, 843-844 (6th Cir. 1996)[Where Plaintiff underwent a number of surgeries and medical procedures which corrected her kidney condition, her condition was temporary, was not substantially limiting, and did not constitute at a disability under the ADA].

Giving Plaintiff's Complaint the liberal construction to which it is entitled in light of Plaintiff's status as a pro se litigant, Plaintiff's complaint could also be construed as asserting that she is entitled to relief because the Defendant "regarded" her as being substantially limited in a major life activity. Specifically, that she was terminated because the Defendant believed that her medical condition prevented her from being an effective employee and substantially limited her ability to work. See MacDonald v. Delta Airlines, Inc., 94 F.3d 1437, 1443 (10th Cir. 1996), citing Dutcher v. Ingalls Shipbuilding, 53 F.3d at 727 [holding that the Plaintiff "might have qualified as disabled under the ADA if he could have provided sufficient summary judgment



evidence that he was regarded by [the Defendant] as having an impairment that substantially limited a major life activity, whether he actually had such an impairment or not."]; <u>Rhodes v. F.D.I.C.</u>, 257 F.3d 373, 391 (4th Cir. 2001). However, Plaintiff has presented no evidence to show that the Defendant regarded her as being unable to perform a class of jobs or a wide range of jobs, nor does Plaintiff point to any evidence to show that the Defendant regarded Plaintiff's impairment as substantially limiting her major life activity of working, or indeed wanted to get rid of her because of her inability to do a broad range of jobs.[11] <u>Sullivan</u>, 197 F.3d at 810 ["[A] defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled"]; <u>Cohen v. Township of Cheltenham, Pennsylvania</u>, 174 F.Supp. 2d 307, 331 n. 18 (E.D.Pa. 2001) ["The court's focus on whether a defendant employer regards an ADA plaintiff as disabled can only mean that the "regarded as" inquiry hinges on a defendant's perceptions."]; <u>Witter v. Delta Air Lines</u>, 138 F.3d 1366, 1370 (11th Cir. 1998) [To proceed under a "regarded as" claim for perceived disability under the § 12102(2) of the ADA, plaintiff would have to show that her employer "regarded [her] as being significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes."].

---

[11]The mere fact that the Defendant may have asked Plaintiff to get a statement from her physician (assumed to be true for purposes of summary judgment) does not constitute evidence that the Defendant regarded Plaintiff as being disabled. *Cf.* <u>Sullivan v. River Valley School District</u>, 197 F.3d 804, 810 (6th Cir. 1999), <u>cert.</u> <u>denied</u>, 530 U.S. 1262 (2000) [Affirming grant of summary judgment to an employer who required the plaintiff employee to submit to mental and physical examinations to determine his fitness to continue as a teacher: "Given that an employer needs to be able to determine the cause of an employee's aberrant behavior, [the fact that examinations were required] is not enough to suggest that the employee is regarded as...disabled....[A] defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled."].



Here, the evidence (considered in the light most favorable to the Plaintiff) shows only that the Defendant was aware that the Plaintiff was at the hospital being treated for a medical condition. There is no evidence that the Defendant had any additional information about the severity of her condition, whether it was long term or short term, when or even whether Plaintiff would be able to return to work, or any other information. This evidence is not sufficient to create a genuine issue of fact as to whether the Defendant regarded Plaintiff as having a disability under the ADA to defeat summary judgment. See Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 703-704 (4th Cir. 2001) ["The fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'"] (quoting Kelly v. Drexel University, 94 F.3d 102, 109 (3d Cir. 1996). Plaintiff has presented only her own conclusory allegations that she had a disability as that term is defined by the ADA, and that her discharge violated that statute. Such a belief on the part of the Plaintiff, no matter how sincere or heartfelt, is simply not "evidence" sufficient to support an ADA claim. Cf. Sullivan, 197 F.3d at 815 ["Without a showing that those other reasons were discriminatory, [Plaintiff] cannot establish a prima facie case for relief under the ADA....], cert. denied, 530 U.S. 1262 (2000); Kariotis v. Navistar Intern. Transp. Corp., 131 F.3d 672, 680 (7th Cir. 1997) ["Discrimination statutes allow employers to discharge employees for almost any reason whatsoever (even a mistaken but honest belief) as long as the reason is not illegal discrimination. Thus when an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection."].

Therefore, Plaintiff has failed to show that she was discriminated against in violation of the ADA, and this case should be dismissed. Hughes v. Bedsole, 48 F.3d 1376, 1388-



89 (4th Cir. 1995); <u>Smaw,</u> 862 F.Supp. at 1474; <u>Reeder v. Frank</u>, 813 F.Supp. 773 (D.Utah 1992);

<u>see</u> <u>Ennis v. National Ass'n of Business and Education Radio, Inc.</u>, 53 F.3d 55, 58 (4th Cir. 1995)

[to establish a case of discrimination under the ADA, Plaintiff must show that her termination

occurred under circumstances that raise a reasonable inference of unlawful discrimination].

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for

summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 9, 2005

13

Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

14

